Felix O. Benvenga, J.
Plaintiff sues to recover damages for breach of a contract whereby defendants employed plaintiff to make a number of filmed television “ commercials ” to advertise *522 their storm windows and screens, for which services defendants agreed to pay plaintiff the sum of $10,000.
The alleged contract is an oral contract of employment. Before and at the time it was made, defendants had been doing business as Best Window Co. (a partnership), Apex Window Co. (a corporation), and Mid-Tex Window Co. (a corporation). The sole issue is whether the contract was made by defendants as partners or joint venturers, or as officers and agents of one of their corporations. Plaintiff testified that he entered into the contract with defendants as partners or joint venturers. Defendant Semenoff said that he negotiated the contract as an officer and agent of Apex Window Co., one of his corporations. It is true that the plaintiff signed a receipt for advances made by an advertising agency allegedly acting- as agents for the Apex Window Co. But this document was dictated by an officer of the advertising agency and signed by plaintiff about a month after the contract in suit was entered into. Considered in the light of the relationship of the parties before and at the time the contract was made, and viewed in the light of the circumstances surrounding- the making of the contract, I do not regard the wording of the receipt, insofar as it refers to the Apex Window Co., as very significant. Certainly, it is not conclusive evidence that the contract was made with the corporation. Nor is the fact, if it be the fact, that the advertising ag-ency was employed by Apex or Mid-Tex as of any probative value. If defendants were acting as officers or agents of Apex or any other corporation, it was their duty to disclose that fact to the plaintiff. I am not satisfied, on the basis of the evidence, that they did so. On the contrary, I am convinced that the plaintiff entered into the contract with defendants as partners or joint venturers.
Judgment is therefore directed for the plaintiff in the sum of $6,700, the balance due under the contract, with interest from May 1,1956, together with costs and disbursements.